UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

GROUP OF FORMER EMPLOYEES
OF SPRAGUE CARIBE,

    Plaintiffs,

    v.

AMERICAN ANNUITY GROUP, INC.,

    Defendant.

Civil No. 04-1147 (JAF)

**O R D E R**

In our April 12, 2005 opinion and order ("the April 12 order"), we granted Plaintiffs until April 20, 2005 to amend their complaint in order to establish complete diversity. Docket Document No. 32. We also stipulated that if Plaintiffs successfully alleged party diversity, they would be permitted a thirty-day period of time to conduct limited discovery on the narrow issues of amount-in-controversy, personal jurisdiction, and venue. Id.

Subsequently, we granted Plaintiffs two extensions of time in order to comply with the diversity order. Docket Document Nos. 34, 37. Finally, on May 3, 2005, Plaintiffs amended their complaint. Docket Document No. 36. In order to establish complete diversity, Plaintiffs included in their complaint a list of their respective identities and domiciles. Docket Document No. 36, Exh. 1. None of the Plaintiffs are listed as domiciled in Defendant's state of Ohio. Id.

Civil No. 04-1147 (JAF)                                                -2-

Defendant now moves to dismiss, arguing that Plaintiffs' amended complaint fails to establish: (1) the requisite minimum amount in controversy of $75,000 per plaintiff; and (2) that this court has personal jurisdiction over Defendant. Docket Document No. 40. Plaintiffs respond in opposition, requesting that sanctions be brought against Defendant for failing to comply with our discovery order. Docket Document No. 45.

We find that Plaintiffs have established complete party diversity in conformity with the April 12 order. Accordingly, in further conformity with our April 12 order, the parties now must proceed with limited, jurisdictional discovery. Jurisdictional discovery must be conducted and concluded **within thirty (30) days from the entry of the present order**.

As Defendant correctly contends, Plaintiffs confront a considerable challenge in establishing jurisdiction. Each Plaintiff must assert a claim in value exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Plaintiffs must also establish that this court has personal jurisdiction over Defendant. We now review the governing principles on personal jurisdiction.

**A.   Personal Jurisdiction**

A plaintiff has the burden of proving that the court has personal jurisdiction over the defendant. Daynard v. Ness. Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002). When the court does not hold an evidentiary hearing, "the plaintiff

Civil No. 04-1147 (JAF)                                                -3-

must make a prima facie showing that the court has jurisdiction with sufficient evidence regarding the specific facts." <u>Matosantos Commercial Co. v. Applebee's Intern., Inc.</u>, 2 F. Supp. 2d 191, 195 (D.P.R. 1998).

To make a prima facie showing of personal jurisdiction, the plaintiff must prove the existence of every fact required to satisfy both the state's long-arm statute and the Fourteenth Amendment's Due-Process clause. <u>Id.</u> (quoting <u>United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.</u>, 987 F.2d 39, 44 (1st Cir. 1993)). The plaintiff must go "beyond the pleadings and make affirmative proof." <u>United States v. Swiss Am. Bank, Ltd.</u>, 274 F.3d at 619 (citing <u>163 Pleasant St.</u>, 987 F.2d at 44). "However, in evaluating whether the prima facie standard has been satisfied, 'the district court is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law.'" <u>Id.</u>

We may exercise personal jurisdiction in one of two forms: General or specific. <u>Mass. Sch. of Law at Andover v. Am. Bar Ass'n</u>, 142 F.3d 26, 34 (1st Cir. 1998). As none of the parties argue that asserting general jurisdiction would be appropriate in this case, we limit our review to specific jurisdiction. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 415 (1984).

We may exercise specific jurisdiction when there is a "demonstrable nexus between a plaintiff's claims and a defendant's

Civil No. 04-1147 (JAF)                                                      -4-

forum-based activities, such as when the litigation itself is founded directly on those activities." Id. Here, we will consider whether Defendant conducted activities in the forum such that it might "reasonably anticipate being haled into court" in Puerto Rico. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

The First Circuit has established a three-part test to determine whether the exercise of specific personal jurisdiction does not violate the Due Process clause: (1) the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities; (2) the defendant must purposefully avail himself of the privilege of conducting activities in the forum state, thereby invoking the state law's benefits and protections and making the defendant's involuntary presence before the state's court foreseeable; and (3) the exercise of jurisdiction must, in light of the gestalt factors, be reasonable. Pritzker v. Yari, 43 F.3d 53, 60-61 (1st Cir. 1994). This analysis for minimum contacts is "highly idiosyncratic" and must be made on a case-by-case basis. Id. at 60.

**B.   Jurisdictional Discovery**

The First Circuit has held that "a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." Sunview Condominium Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962, 964 (1st Cir. 1997). Additionally, "wide

Civil No. 04-1147 (JAF)                                              -5-

latitude must be accorded to the plaintiff to establish the minimum contacts with Puerto Rico and that defendant." Puerto Rico v. SS Zoe Colocotroni, 61 F.R.D. 653, 657 (D.P.R. 1974)(citing Com. Oil Refining Co. v. Houdry Process Corp., 22 F.R.D. 306, 308 (D.P.R. 1958). As we determined in our April 25 order, Plaintiffs are entitled to jurisdictional discovery under Sunview.

Despite Plaintiffs' averments to the contrary, Defendant insists that it is neither "a trustee of the retirement or pension fund of Sprague" nor "the successor in interest of Sprague and its former companies in Puerto Rico." Docket Document No. 40. If true, Defendant's claim clearly suggests that we lack personal jurisdiction over it.

In order to survive Defendant's jurisdictional challenge, Plaintiffs must: (1) successfully support their allegations regarding Defendant's relationship to the events put forward in the complaint, for this court to be able to maintain personal jurisdiction over Defendant; and (2) establish the minimum amounts-in-controversy required for this court to sustain subject matter jurisdiction over Plaintiffs' claims. Failure to establish these two essential jurisdictional elements will result in immediate dismissal of Plaintiffs' complaint.

In accordance with the foregoing, **the parties are to conduct limited jurisdictional discovery over a thirty-day period, commencing**

Civil No. 04-1147 (JAF)                                                    -6-

**on the date of this order.  No further extensions of time will be entertained by this court.**

Plaintiffs may file a supplement to their opposition to Defendant's motion for dismissal **on or before October 31, 2005.** The court will stay the ruling on Defendant's motion for dismissal **until October 31, 2005,** at which time failure to establish the requisite jurisdictional requirements enumerated above will result in immediate dismissal of Plaintiffs' complaint, with prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of September, 2005.

                              s/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              Chief U. S. District Judge