UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

GROUP OF FORMER EMPLOYEES
OF SPRAGUE CARIBE,

    Plaintiff,

    v.

AMERICAN ANNUITY GROUP, INC.,

    Defendant.

Civil No. 04-1147 (JAF)

**O R D E R**

On November 8, 2005, we ordered Defendant to file a complete response to Plaintiff's jurisdictional discovery request by November 28, 2005. Docket Document No. 50. Pending Defendant's compliance, we also ordered Plaintiffs to show cause vis-a-vis their ability to satisfy the minimum-amount-in-controversy threshold by December 19, 2005. Id.

Defendant complied with our order on November 25, 2005. Docket Document No. 51. We have reviewed Defendant's compliance motion and find that it is fully responsive to Plaintiffs' request. Docket Document No. 52.

Plaintiffs, meanwhile, have not complied with our order to show cause, which set forth a clear December 12, 2005 deadline. Docket Document No. 50. Plaintiffs even failed to show cause within the additional seven days that were granted them in our December 2, 2005

Civil No. 04-1147 (JAF)                                                    -2-

order noting Defendant's compliance, in which we stated that a response was due by December 19, 2005.

Additionally, in light of the materials yielded through jurisdictional discovery, we find it essentially impossible that Plaintiffs would be able to satisfy the minimum amount-in-controversy requirement discussed at length in our April 12, 2005 opinion and order. Docket Document No. 32. As we discussed therein, the monetary amounts mentioned throughout the complaint and in subsequent filings are grossly insufficient to satisfy the $75,000 threshold, given the fact that multiple plaintiffs' claims cannot be aggregated for this purpose. Id.

Despite our initial skepticism, and despite Defendant's arduous efforts to have the case dismissed, Docket Document Nos. 15, 40, we have given Plaintiffs ample opportunity to satsify the amount-in-controversy requirement. First, we permitted Plaintiffs to amend their complaint despite fatal defects. Docket Document No. 32. We granted Plaintiffs two extensions of time to amend their complaint, and the amended complaint still failed to plausibly assert the minimum amount in controversy. Docket Document Nos. 34, 36, 37. Defendant again moved to dismiss. Docket Document No. 40. We permitted Plaintiffs to engage Defendant in limited jurisdictional discovery, Docket Document No. 48, which failed to yield Plaintiffs' desired results. Despite our subsequent finding that it remained "exceedingly improbable that Plaintiff will satisfy the stringent

Civil No. 04-1147 (JAF)                                                    -3-

amount-in-controversy requirements discussed in our earlier orders," we granted Plaintiffs an additional opportunity to establish jurisdiction. Docket Document No. 50.

Defendant complied with our jurisdictional order, Docket Document No. 51, and Plaintiffs have failed to respond by the December 12 and 19 deadlines set forth in our orders. Docket Document Nos. 50, 52.

As the record indicates, we have given Plaintiffs every opportunity to keep the present case alive in federal court. Plaintiffs have repeatedly failed to satisfy pleading requirements and have also stretched this painful process even further past its natural life span by seeking and obtaining multiple extensions of time. Plaintiffs' most recent failure to show cause in a timely manner ensures, finally, that this dispute now faces its overdue demise.

Accordingly, for the reasons stated in our April 12 and September 19 orders, Docket Document Nos. 32, 48, we find that Plaintiffs have failed to assert diversity jurisdiction under 28 U.S.C. § 1332. Defendant's second motion to dismiss is **GRANTED**. Docket Document No. 40. Judgment to be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of December, 2005.

                                           s/José Antonio Fusté
                                           JOSE ANTONIO FUSTE
                                           Chief U. S. District Judge